UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CROCS, INC<br><br>        Plaintiff,<br><br>v.<br><br>JERRY J. LEYDEN,<br><br>and<br><br>AKRON RUBBER DEVELOPMENT LABORATORY, INC.<br><br>        Defendants. | CASE NO. 5:13 CV 579<br>JUDGE<br><br>**COMPLAINT**<br><br>JUDGE ADAMS<br><br>MAG. JUDGE LIMBERT |

Now comes Plaintiff, Crocs, Inc. ("Crocs"), through its undersigned counsel, and for their Complaint against Defendant Jerry J. Leyden in this matter aver as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Crocs is a Delaware Corporation with its principal place of business located at 7477 East Dry Creek Parkway, Niwot, Boulder County, Colorado 80503.

2. Upon information and belief, Jerry J. Leyden ("Leyden") is an individual residing at 1799 Deepwood Drive, Akron, Summit County, Ohio 44313.

3. Akron Rubber Development Laboratory, Inc. ("ARDL"), is an Ohio for profit corporation with a principal place of business located at 2887 Gilchrist Road, Akron, Summit County, Ohio 44305.

4. Mr. Leyden is the President of ARDL.

5. Mr. Leyden and ARDL were bound by the terms of a Consent Confidentiality Order in the lawsuit *Geshke v. Crocs, Inc.*, No. 1:10-cv-11567-RGS in the United States District Court for the District of Massachusetts ("*Geshke* lawsuit") which provided that the terms may be enforced by specific performance in any court of competent jurisdiction. A true and accurate copy of the Consent Confidentiality Order is attached hereto as **Exhibit A**, at ¶¶ 10, 19 & 20.

6. Mr. Leyden expressly and unequivocally agreed to be bound to the terms of the Confidentiality Order on September 9, 2011, as a condition of receiving information and materials that fell within the scope of the Confidentiality Order. A true and accurate copy of the Mr. Leyden's Consent Declaration is attached hereto as **Exhibit B**, at ¶ 4.

7. Mr. Leyden and ARDL are further bound to submit to the jurisdiction of any other court of competent jurisdiction for the purpose of any proceeding that may be instituted to enforce the terms of the Consent Confidentiality Order and have agreed not to challenge submission based upon personal jurisdiction, subject matter jurisdiction, or venue" in any such proceeding. *See* **Exhibit B**, at ¶ 5.

8. The breach of the Consent Confidentiality Agreement by Mr. Leyden and ARDL occurred or is substantially related to activities conducted in Akron, Summit County, Ohio.

9. Crocs will incur reputational harm in excess of $75,000 as a result of the breach of the Confidentiality Order by Mr. Leyden and ARDL.

10. Moreover, should the injunction sought by Crocs be denied, the damages to Crocs will be severe but not monetarily quantifiable. The value to Crocs of the injunction sought here against Mr. Leyden and ARDL far exceeds $75,000 based upon preservation of Crocs' reputation and protection for Crocs from disclosure of invaluable business, proprietary and confidential information and material.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C.A. § 1391.

## FACTUAL BACKGROUND

12. The *Geshke* lawsuit arose from a July 19, 2010, escalator accident at the Massachusetts Bay Transportation Authority's Aquarium Station in Boston, Massachusetts, where the minor plaintiff's foot became entrapped in an escalator while she was wearing Crocs footwear.

13. On April 14, 2011, the United States District Court for the District of Massachusetts entered the Consent Confidentiality Order in the *Geshke* lawsuit to address the parties' concerns over disbursement of protected information. The Consent Confidentiality Order encompassed all additional parties to whom such confidential information was shared within the context of the lawsuit. *See* **Exhibit A**, at ¶¶ 10 & 20.

14. In addition to the general prohibition on disclosure of materials governed by the Consent Confidentiality Order, the Consent Confidentiality Order specifically precludes disclosure of confidential documents or confidential information to any person or entity who has been engaged in litigation at any time with Crocs or any person or entity in litigation with Crocs. *See* **Exhibit A**, at ¶ 7.

15. The *Geshke* plaintiffs retained and endorsed Jerry Leyden within his capacity of President of ARDL as a Fed. R. Civ. P. 26(a)(2) expert. In the course of Mr. Leyden's expert retention he was provided with certain documents, testimony, and other information containing Crocs' confidential research, development, proprietary, business and/or commercial information as defined by Fed. R. Civ. P. 26(c).

3

16. The Crocs' confidential research, development, proprietary, business and commercial information provided to Mr. Leyden and ARDL subject to the Consent Confidentiality Order entered in the *Geshke* lawsuit included:

> (a) approximately 1,200 pages labeled "Confidential" or "Confidential – Subject to Protective Order" out of approximately 1,800 total pages produced to Mr. Leyden and ARDL; and,
>
> (b) transcripts of two Crocs witnesses, designated confidential on the record and containing highly confidential information related to product design, product sales, and other related information.

Affidavit of Walker attached as **Exhibit C**, at ¶ 7.

17. It was uncontested by the *Geshke* plaintiffs that the materials produced by Crocs and provided to Leyden and ARDL were properly designated as confidential and subject to protection by the Confidentiality Order.

18. Mr. Leyden expressly and unequivocally agreed to be bound to the terms of the Consent Confidentiality Order on September 9, 2011, as a condition of receiving information and materials that fall within the scope of the Consent Confidentiality Order. *See* **Exhibit B**, at ¶¶ 3 - 4.

19. The Consent Confidentiality Order entered in the *Geshke* lawsuit continues to be binding on all parties, materials, and information governed by the Confidentiality Order even following the termination of the *Geshke* lawsuit.[1] *See* **Exhibit A**, at ¶ 19.

---

[1] Crocs' motion for summary judgment in the *Geshke* lawsuit was granted on September 7, 2012, and judgment was entered on September 10, 2012. An appeal of the judgment is currently before the United States Court of Appeals for the First Circuit.

20. The lawsuit captioned *Soo, et al v. J.C. Penney Corp., Inc., et al*, No. 11-2-16771-2 SEA, currently pending in the King County Superior Court, State of Washington ("*Soo* lawsuit") involves an escalator accident on July 24, 2010, at a J.C. Penney's store in Bellevue, Washington where minor plaintiff Soo's foot became entrapped in an escalator while wearing soft-soled footwear other than Crocs.

21. Mr. Leyden was retained within his capacity of President of ARDL and endorsed by Defendants Schindler Elevator Corp. and J.C. Penney Corp., Inc. in the *Soo* lawsuit as an expert "familiar with the controversy surrounding escalator shoe entrapment involving Crocs and Crocs-like shoes." A true and accurate copy of the Mr. Leyden's First Declaration in the *Soo* lawsuit is attached hereto as **Exhibit D**, at ¶ 3.

22. Mr. Leyden has issued two declarations in the *Soo* lawsuit regarding his opinions on the alleged propensity of Crocs and Crocs-like shoes to be involved in escalator entrapment. A true and accurate copy of the Mr. Leyden's Second Declaration in the *Soo* lawsuit is attached hereto as **Exhibit E**; *see also* **Exhibit D**.

23. Schindler and J.C. Penney have also produced in the *Soo* lawsuit in support of their endorsement of Mr. Leyden as an expert in that case, a copy of Mr. Leyden's November 5, 2009, report previously disclosed in the *Geshke* lawsuit. A true and accurate copy of discovery responses served by the *Soo* Defendants is attached hereto as **Exhibit F**, at p.2, lines 20 – 22.

24. Crocs has a good-faith basis to believe Leyden and ARDL have disclosed opinions inextricably based upon Crocs proprietary, confidential and protected information, documents and/or testimony he was provided or otherwise obtained in the *Geshke* lawsuit and that Leyden and ARDL have or will disclose Crocs proprietary, confidential and protected

5

information, materials, and/or documents during the course of his continued expert retention in the *Soo* lawsuit. **Exhibit C**, at ¶ 10.

25. Because of the nature of the proprietary and protected Crocs information involved, disclosure by Leyden and ARDL would result, (and may have already resulted), in immediate and irreparable injury, loss, or damage to Crocs with respect to its ability to protect itself from competitors who will have access to such information once it is in the public domain, as well as in its continued defense of pending and potential future claims – including claims involving parties to the *Soo* lawsuit. **Exhibit C**, at ¶ 11.

26. In an attempt to resolve this issue informally and without intervention of the Court, Crocs contacted Mr. Leyden and the attorneys in *Soo* who retained him, counsel for J.C. Penney Corporation, Inc. ("J.C. Penney") and Schindler Elevator Corporation ("Schindler"), upon learning of Mr. Leyden's disclosures in the *Soo* lawsuit. Communication with Leyden & Gillespie, attached as **Exhibit G**. Mr. Leyden then complied with the terms of the Confidentiality Order requiring him to return all confidential information received and provide the corresponding affidavit. This confirmed that Mr. Leyden still had the materials subject to protection. Mr. Leyden – and the counsel who retained him – have, however, refused to provide (1) a list of materials Mr. Leyden relied upon in reaching the conclusions expressed in all declarations or reports produced in the *Soo* lawsuit and (2) copies of all correspondence between Mr. Leyden and counsel for Schindler and/or J.C. Penney. *See* **Exhibit G**. This information is critical to determining the scope of the confidential material disclosed or relied upon in support of Mr. Leyden's opinions in the *Soo* lawsuit.

27. In the *Soo* lawsuit, Mr. Leyden is scheduled to be deposed in Akron, Summit County, Ohio on March 22, 2013, where it is anticipated he may continue to disclose information controlled by the Confidentiality Agreement.

## COUNT I: BREACH OF CONTRACT

28. Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 16 of the Verified Complaint as if fully restated herein.

29. Mr. Leyden entered into the Confidentiality Order within his capacity of President of ARDL as part of his work as a Fed. R. Civ. P. 26(a)(2) expert in the *Geshke* lawsuit and expressly agreed to be bound by the terms to the Confidentiality Order.

30. Crocs relied upon the assurances of confidentiality contained in the Confidentiality Order in producing confidential research, development, proprietary, business and/or commercial information to Mr. Leyden within the context of the *Geshke* lawsuit.

31. Crocs performed all of its duties and obligations under the Confidentiality Order.

32. Upon information and belief, Mr. Leyden breached the terms of the Confidentiality Order by disclosing opinions in the *Soo* lawsuit that are inextricably linked to and based upon the highly confidential information he received from Crocs within the context of the *Geshke* lawsuit and subject to the Confidentiality Order.

33. The breach of the terms of the Confidentiality Order by Mr. Leyden has caused, and will continue to cause, injuries and damages for Crocs.

## PRAYER FOR RELIEF

WHEREFORE, Crocs, Inc. prays for judgment against Jerry J. Leyden and Akron Rubber Development Laboratory, Inc., with an award of costs and attorneys fees, injunctive relief, and for such further relief as the Court deems just and appropriate.

Dated: March 18, 2013.

Respectfully submitted,

s/ Ryan A. Sobel
Jeffrey J. Wedel (0041778)
Ryan A. Sobel (0078507)
Squire Sanders (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone:(216) 479-8489
Facsimile: (216) 479-8780
jeffrey.wedel@squiresanders.com
ryan.sobel@squiresanders.com


s/ Julie M. Walker
Julie M. Walker, *Pro Hac Vice Pending*
Conor D. Farley, *Pro Hac Vice Pending*
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, C100
Greenwood Village, CO 80111
Telephone:(303) 293-8800
Facsimile: (303) 839-0036
jwalker@mdmc-lawco.com
cfarley@mdmc-lawco.com

*Counsel for Crocs, Inc.*

CERTIFICATE OF SERVICE

I do hereby certify that, on this 18th day of March, 2013, a copy of the foregoing was filed with the United States District Court for the Northern District of Ohio, Eastern Division with personal service to be effectuated upon:

Jerry L. Leyden
Akron Rubber Development Laboratory, Inc.
2887 Gilchrist Rd.
Akron, Ohio 44305

Jerry L. Leyden
President
Akron Rubber Development Laboratory, Inc.
2887 Gilchrist Rd.
Akron, Ohio 44305

I do hereby certify that, on this 18th day of March, 2013, a copy of the foregoing was also served via United States Mail, postage prepaid, and electronic mail on the following:

- **Jerry L. Leyden**
  Akron Rubber Development Laboratory, Inc.
  887 Gilchrist Rd.
  Akron, Ohio 44305
  jerry@ardl.com

- **Emma O. Gillespie**
  egillespie@pregodonnell.com
  *Counsel for Defendants in Soo v. J.C. Penney Corp., Inc., et al*

- **Eric P. Gillett**
  egillett@pregodonnell.com
  *Counsel for Defendants in Soo v. J.C. Penney Corp., Inc., et al*

- **Ron Unger**
  runger@buckleylaw.net
  *Counsel for Plaintiff in Soo v. J.C. Penney Corp., Inc., et al*

- **Andrew Laskin**
  alaskin@robyablaw.com
  *Counsel for Plaintiff in Geshke v. Crocs*

s/ Ryan A. Sobel
One of the Attorneys for Plaintiff