UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CROCS, INC., | ) | CASE NO.: 5:13CV579 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| JERRY LEYDEN, et al., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Motion by Plaintiff Crocs, Inc. for a Temporary Restraining Order. The Court has been advised, having reviewed the parties' motions and supporting affidavits, and having heard argument from the parties via a telephone conference conducted on March 21, 2013. For the reasons that follow, the motion is GRANTED.

**I.     Facts**

Defendant Jerry Leyden was employed as an expert by plaintiffs in litigation entitled *Geshke v. Crocs* in the United States District Court for the District of Massachusetts. As a part of his retention as an expert, Leyden became bound by a confidentiality agreement wherein he agreed that he would be precluded from sharing confidential information with any entity that has been or is currently in litigation with Crocs.

At some point in the recent past, Crocs became aware that Leyden was once again retained as an expert in litigation in Washington state court entitled *Soo v. J.C. Penny Corporation, Inc.* In both matters, Leyden was called upon to opine about the likelihood that a certain type of footwear would become caught in an escalator. In *Geshke*, he

examined Crocs footwear. In *Soo*, he was asked to examine the footwear of a direct competitor of Crocs – footwear that Crocs refers to as knockoffs of their brand.

Upon learning that Leyden was offering an opinion in *Soo*, Crocs set forth to examine the basis of his opinion, believing that it was improperly built upon confidential information he had obtained in *Geshke*. During the ensuing research by Crocs, Crocs learned that Leyden had retained confidential information following the *Geshke* matter, despite his obligation to return it. To his credit, Leyden admitted having the information and immediately returned it, explaining that trouble communicating with prior counsel had resulted in the retention of the information.

In response to Crocs inquiry and its pending motion herein, Leyden has asserted that he did not rely upon any confidential information in reaching his results in *Soo*. In fact, Leyden contends that all of his testing was completed in both *Geshke* and *Soo* without any reliance upon Crocs' confidential information.

The Court now reviews the parties' arguments.

**II.** **Law and Analysis**

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction. See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d

341, 347 (6th Cir. 1998). Moreover, a plaintiff must present clear and convincing evidence in support of the four factors. *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267-68 (Ohio Ct. App. 2000).

**A. Likelihood of success on the merits**

Leyden's declaration asserts that he has not in any shared confidential information or utilized such information as an expert in *Soo*. However, Crocs has highlighted that Leyden's report in the *Geshke* litigation details the information that he reviewed before forming his ultimate opinion. The information reviewed specifically references confidential information supplied by Crocs under the confidentiality agreement. In turn, Leyden's report in the *Soo* litigation specifically references the opinions he formed in *Geshke*, thereby inserting his review of that confidential information into the *Soo* litigation.

At this stage of the proceedings, Crocs has demonstrated a strong likelihood of success on the merits. While Leyden puts forth a showing that his *testing* did not rely upon confidential information, documentary evidence, namely his report in *Geshke*, indicates that his final **opinion** was based upon numerous factors, including a review of confidential information. As such, whether intentional or not, it strongly appears that Leyden has violated the confidentiality agreement.

**B. Irreparable injury**

The Court agrees with Crocs that it would suffer irreparable injury if Leyden were permitted to go forward with his expert duties in *Soo* without further examination of whether he has breached the confidentiality agreement. The *Soo* litigation involves J.C. Penney, an entity currently involved in litigation with Crocs. Moreover, the shoes at issue in *Soo* were manufactured by a direct competitor of Crocs. Accordingly, any disclosure of Crocs' confidential information would result in significant irreparable injury. Moreover, as Leyden would undoubtedly be examined about the precise bases for his opinion, there is

little doubt that his deposition would include an examination of all the underlying documentation he relied upon to reach his final opinion, documentation that includes Crocs' confidential information.

**C. Substantial harm to others**

There is no indication that granting the TRO will cause any harm to others. The Court learned during the telephone conference in this matter that the discovery deadline in the Washington state case does not expire until the third week of April. As this Court will have concluded the preliminary injunction well before that date, the Court cannot foresee any harm to any third party.

**D. Public interest**

The public interest lies in ensuring that confidentiality agreements are fulfilled and that confidential information is not inadvertently or intentionally provided to third parties.

**III. Conclusion**

Crocs' motion for a temporary restraining order is GRANTED. Defendants shall cease, desist and refrain from:

a. violating the terms of the Confidentiality Order entered in *Geshke v. Crocs, Inc.*, No. 1:10-cv-11567-RGS, United States District Court for the District of Massachusetts;

b. producing confidential information and/or materials obtained from Crocs pursuant to the Confidentiality Order while in the capacity of an endorsed Fed. R. Civ. P. 26(a)(2) expert in *Geshke v. Crocs, Inc.*, No. 1:10-cv-11567-RGS, United States District Court for the District of Massachusetts;

c. testifying in any capacity as witness in *Soo, et al v. J.C.. Penney Corp., Inc.*, et al., No. 11-2-16771-2 SEA, currently pending in the King County Superior Court, State of Washington until such further Order from this Court enters with a specific finding that no violation of the Confidentiality Order has occurred. This prohibition includes the

deposition scheduled for March 22, 2013.  Said deposition SHALL NOT GO FORWARD.

This Order shall expire after 14 days, unless within the time so fixed, for good cause shown, it is extended for another 14 days, unless the party against whom the order is directed consents that it may be extended for a longer period.

A Hearing on Plaintiffs Application for Preliminary Injunction is hereby set for April 1, 2013, at 1:00 p.m. in Courtroom 575, 2 South Main St., Akron, OH 44308.  Sworn testimony and evidence to be presented and cross-examination to be permitted.

The Parties are permitted to conduct expedited discovery in preparation for the Preliminary Injunction Hearing.  Accordingly, Crocs' motion for expedited discovery is GRANTED.  This discovery shall include Leyden's deposition.

Plaintiff shall post bond in the amount of $500, under Fed. R. Civ. P. 65(C).

IT IS SO ORDERED.


Date: March 21, 2013              ____/s/ Judge John R. Adams_____
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT